UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

      Plaintiff,

v.

Robert L. Kreisler, Jr., a/k/a
Bob Peterson, Kreisler Real Estate
Company, Whittier Real Estate
Company and Whittier Community
Apartments,

      Defendants.

MEMORANDUM OPINION
AND ORDER
Civil No. 03-3599 (MJD/JSM)

_____

Steven H. Rosenbaum, Timothy J. Moran, Elise Shore, Michalyn Steele and Shennie Patel, U.S. Department of Justice, Civil Rights Division, Housing & Civil Enforcement Section, for and on behalf of the United States.

Stephen P. Laitinen, Angela Beranek Brandt and Jennifer G. Daugherty, Larson King, LLP, for and on behalf of Defendants.

_____

INTRODUCTION

In this action, the United States alleges that Defendant Robert Kreisler, individually and through his several business entities (hereinafter "Kreisler"), violated the federal Fair Housing Act, 42 U.S.C. § 3601 et seq. ("FHA"), by engaging in a pattern and practice of race discrimination, and a denial of rights to

1

a group of persons based on race, at two Minneapolis rental properties located at 2421 Pillsbury and 2500 Blaisdell.  Kreisler moves the Court for summary judgment.

FACTUAL BACKGROUND

Kreisler contracted to purchase the subject properties in July 1998.  In September 1998, Kreisler entered into an "Interim Management Agreement" with the sellers of the subject properties, whereby Kreisler agreed to manage the properties until the sale was final.  The sale was completed on March 26, 1999.

After Kreisler purchased the properties, he began to renovate the units.  Such renovations included replacing carpeting, countertops and appliances as necessary; cabinets were sanded and re-surfaced; bathrooms re-tiled; walls and ceilings repaired; and each unit scrubbed down and repainted.  As the units were uninhabitable during the renovations, the occupant of the unit received a notice to vacate.  Kreisler asserts that only those individuals currently subject to a month-to-month lease were given such notices.

It is the contention of the United States that the notices to vacate were issued in a manner and with the purpose of forcing out black tenants.  The United States further alleges that Kreisler discriminated against black tenants in other ways as well.  For example, the United States asserts that non-black tenants were allowed to make late rental payments without adverse consequences, while black

tenants were evicted after making one late payment.  The United States also alleges that non-black tenants were allowed to stay after rescinding their notice to leave, while black tenants were not.  Further, the United States alleges that Kreisler discriminated against black tenants by ignoring their maintenance requests.

Kreisler has moved the Court for summary judgment, asserting that the United States has failed to demonstrate a pattern or practice of discrimination.

STANDARD

Summary judgment is appropriate if, viewing all facts in the light most favorable to the non-moving party, there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).  The party seeking summary judgment bears the burden of showing that there is no disputed issue of material fact.  Celotex, 477 U.S. at 323.  Summary judgment is only appropriate when "there is no dispute of fact and where there exists only one conclusion."  Crawford v. Runyon, 37  F.3d 1338, 1341  (8th Cir. 1994) (citation omitted).  The party opposing summary judgment may not rest upon mere allegations or denials, but must set forth specific facts showing that there is a genuine issue for trial.  Krenik v. County of Le Sueur, 47 F.3d 953, 957 (8th Cir.1995).

ANALYSIS

To prove a pattern or practice of discrimination under the FHA, the United States must show that Kreisler engaged in discriminatory activity as a matter of standard operating procedure. United States v. Big D Enterprises, Inc., 184 F.3d 924, 930 (8th Cir. 1999). "Isolated or sporadic acts of discrimination are insufficient to prove a pattern or practice under the FHA." Id. There is no threshold number of incidents that must occur to prove a pattern or practice. Rather each case must be evaluated on its own facts. United States v. Bob Lawrence Realty, Inc., 474 F.2d 115, 123-124 (5th Cir. 1973). Whether the evidence presented indicates a pattern or practice of discrimination is ordinarily left to the jury. United States v. Balistrieri, 981 F.2d 916, 930 (7th Cir. 1992).

To prove its case, the United States first asserts that a pattern or practice of discrimination can be demonstrated by evidence of past discrimination. The United States has put forth three instances of past discrimination: one involves a prior caretaker, at a property not at issue here, who was allegedly told by Kreisler not to rent to African Americans or Native Americans. Another incident involves a tenant at this building who filed a complaint with the Minnesota Department of Human Rights based on her belief that Kreisler discriminated against her by refusing to allow her to transfer to another apartment and by refusing to accept her rent check. Finally, the United States has put forth evidence regarding the

SternJohns, plaintiffs in a prior case before this Court, who alleged that Kreisler also discriminated against them on the basis of race. That case ended in settlement, in which the SternJohns received a payment of $525,000 and Kreisler agreed to retain an independent management company to handle all tenancy-related decisions concerning Kreisler's Minnesota owned rental properties.

Kreisler argues that its history of discrimination is irrelevant to a determination of whether a pattern or practice of discrimination exists in this case, and that none of the cases cited by the United States to support the proposition that such history is relevant.

Contrary to Kreisler's argument, there is case law that supports the proposition that historical background may be relevant to a persons motives in discrimination cases, including housing discrimination.

> The historical background of the decision is one evidentiary source, particularly if it reveals a series of official actions taken for invidious purposes."  See Lane v. Wilson, supra; Griffin v. School Board, 377 U.S. 218, 84 S.Ct. 1226, 12 L.Ed.2d 256 (1964); Davis v. Schnell, 81 F.Supp. 872 (S.D.Ala.), aff'd per curiam, 336 U.S. 933, 69 S.Ct. 749, 93 L.Ed. 1093 (1949); cf. Keyes v. School Dist. No. 1, Denver, Colo., supra, 413 U.S., at 207, 93 S.Ct., at 2696. The specific sequence of events leading up the challenged decision also may shed some light on the decisionmaker's purposes.

Village of Arlington v. Metropolitan Housing Development Corp., 429 U.S. 252, 267 (1977). See also, Woods-Drake v. Lundy, 667 F.2d 1198, 1202, n.7 (5th Cir. 1982)(history of not renting to blacks is relevant in proving racial discrimination

under the FHA); Robinson v. 12 Lofts Realty, Inc., 610 F.2d 1032, 1039 (2nd Cir. 1979)(finding plaintiff had established a prima facie case under the FHA because the evidence as to the sequence of events leading up to the challenged decision went beyond establishing merely a discriminatory effect). Cf. White v. Honeywell, Inc., 141 F.3d 1270, 1276 (8th Cir. 1998)(evidence of prior acts of discrimination is relevant to defendant's motive in Title VII case).  In addition, this Court previously ruled that such prior acts of discrimination were admissible in the SternJohn case. SternJohn v. Kreisler et al., Civil No. 02-842 (D. Minn. Oct. 20, 2004).

The United States also argues that the "numbers" support its theory that Kreisler engaged in a pattern or practice of discrimination.  When Kreisler first took over the subject properties in November 1998, 10 of the 24 apartments in the Pillsbury building were rented by black households.  In July 2000, however, the number of black households at this building decreased to 2.  In the Blaisdell building, 24 of the 55 apartments were rented by black households in November 1998, and in July 2000, the number of black households decreased to 14.

Kreisler responds that the United States has not presented any evidence that non-blacks were treated differently than blacks, and the fact that Kreisler's conduct may have impacted blacks more than non-blacks does not give rise to a showing of disparate impact.  The Court agrees that the "numbers" standing alone are not sufficient to raise a genuine issue of fact as to a pattern or practice of

discrimination, but the record currently before the Court includes much more than just the "numbers."

The United States has put forth evidence which suggests that non-blacks were treated more favorably than blacks. For example, Kreisler is alleged to have let non-black tenants move directly into a renovated apartment, or allowed them to move into another unit while their apartment was renovated. United States' Exs. 17, 16 - A and 32. These opportunities were not afforded to black tenants, contends the United States.

As an example, the United States contends that Andy Evuleocha, a black tenant in the Blaisdell building, asked Kreisler if he and his roommate could move into a renovated apartment, and Kreisler told him he couldn't afford it. Evuleocha Dep. 12-13, 16. When Evuleocha told Kreisler he was willing to pay more rent, Kreisler told him he had to move out. Id. 14-15. Evuleocha and his roommate were allowed to move into another apartment temporarily, but the unit was in very bad condition and Evuleocha and his roommate eventually moved out as they were never allowed to move into a renovated apartment. Id. 11-12.

The United States asserts that it has also put forth direct evidence of discrimination. For example, the United States asserts that one of Kreisler's employees, Vern Hiller, told tenant Clark Erickson that Kreisler was trying to get rid of all of the black tenants. Erickson Dep. 18-20. Another black tenant, Gayle

Jones, testified that she overheard men working on the renovations of the buildings say that Kreisler said "when we finish this job, we won't have any of them here. All they do is complain." Jones Aff. ¶¶ 3 and 4. Another black tenant, Clarence Wright, was told by Kreisler that he wanted to "get all of you out." Wright Dep. 23-24.

Kreisler argues that the above does not establish direct evidence of discrimination. For example, he challenges the credibility of Erickson, given Hiller's contradictory deposition testimony. Kreisler also argues the comment made to Clarence Wright was not made in a racial context. Kreisler also attacks the veracity of the Jones Affidavit, as Ms. Jones did not discuss such incidents in her deposition testimony. Such challenges, however, go to the credibility of the witnesses, and credibility is not for the Court to decide on summary judgment. Big D. Enterprises, 184 F.3d at 931.

The United States further asserts that the manner in which the renovations took place were discriminatory. When Kreisler took over the properties, 34 households had one or more black tenants. Of this number, 21 were served a notice terminating their tenancy. Of the other 39 households, only 8 were served with a notice to vacate. For two other non-black tenants, Kreisler allowed them to move into another apartment. He renovated 38 units after the non-black tenant had transferred to another apartment or otherwise moved for reasons other than

receiving a notice to vacate.  See United States Ex. 16.

Kreisler responds that contrary to the United States's claims, the evidence does not support the position that Kreisler engaged in a pattern or practice of discrimination.  Kreisler argues that three black households were given the opportunity to relocate to renovated units, and that other black households were given numerous extensions.  For example, Kreisler argues that Evuleocha was given a ten month extension, and was allowed to move into another apartment.  Kreisler does not, however, challenge the claim that the other apartment was in poor condition.  Nonetheless, evidence that Kreisler did not uniformly discriminate does not entitle him to summary judgment.  United States v. Garden Homes Management Corp., 156 F. Supp.2d 413, 423 (D. N. J. 2001).  The fact that a Kreisler may make an exception to the discriminatory norm is not grounds to bar liability.  Id.

Kreisler further asserts that they have presented expert statistical evidence to show no racial bias.  Dr. George McCollister examined the range of tenants in the properties, compared that to the racial mix of the tenants to comparable data from the 2000 U.S. Census.  He found that overall, the percentage of black tenants in renovated units is higher than the percentage of qualified tenants in nearby areas who are black.

The United States challenges McCollister's report.  It argues that his analysis

does not directly address the United States' claim that Kreisler discriminated in the renovation process, and asserts the analysis is questionable because there are material issues of fact regarding its reliability. For example, in measuring the relevant applicant pool, McCollister chose an area with a significantly smaller percentage of black residents than any other areas he could have considered. Further, McCollister assumed that only persons who made three times the rent would be eligible renters. When he was presented with evidence that approved applicants did not meet this requirement, he acknowledged that his assumption was erroneous.

The United States further argues that it is also claiming that Kreisler denied rights to a group of persons. To prove this claim, the United States need only prove that Kreisler's conduct denied rights to a group of persons. This may include an isolated act of discrimination against said group. <u>United States v. Parma</u>, 494 F. Supp. 1049, 1095 (N.D. Ohio 1980).

Based on the record currently before it, this Court finds that genuine issues of material fact prevent it from granting Kreisler's motion for summary judgment.

The United States has now moved to strike demonstrative evidence from the written record. This motion refers to the courtesy copy of Kreisler's power point presentation offered to the Court at oral argument. This motion is moot as the courtesy copy of the power point has not been made a part of the written

record.

IT IS HEREBY ORDERED that Defendants' Motion for Summary Judgment [Docket No. 119] is DENIED.  The Motion of the United States to Strike Demonstrative Evidence [Docket No. 164] is dismissed as moot.


Date: December 5, 2005

s / Michael J. Davis<br>
Michael J. Davis<br>
United States District Court